IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| William Barchak,<br>        Plaintiff<br>vs.<br><br>Experian Information Solutions, Inc.;<br>Trans Union, LLC; and Applied Bank,<br>        Defendants | FILED ELECTRONICALLY |

## COMPLAINT

### Introduction

1.  This action for damages is based on Defendants' false reporting on Plaintiff's credit reports; and Defendants' failures to follow reasonable procedures and failures to conduct reasonable investigations with respect to such information.

### Parties

2.  Plaintiff, William Barchak, is a natural person who resides at 317 Main Street, Eynon, Pennsylvania 18403, and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

3.  Defendant Applied Bank ("Applied") does business in Pennsylvania, and is a "furnisher" as that term is used in 15 U.S.C. § 1681s-2.

4.  Defendant Experian Information Solutions, Inc. ("Experian") is a credit bureau doing business in Pennsylvania and is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

5. Defendant Trans Union, LLC ("Trans Union") is a credit bureau doing business in Pennsylvania and is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

## Jurisdiction and Venue

6. Because this case arises under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, jurisdiction of this Court arises under 28 U.S.C. § 1331.

7. Venue is proper in this Court because a substantial part of the claim arose in Pennsylvania, and all Defendants "reside" in Pennsylvania, as that term is used in 28 U.S.C. § 1391.

## Factual Allegations

8. On October 2, 2009, Plaintiff and Applied entered into a mutual release ("the Mutual Release"), which included the release of any liability Plaintiff had for an alleged debt ("the Debt").

9. After entering into the Mutual Release, Applied provided information to Experian and Trans Union regarding the Debt.

10. In August of 2011, Plaintiff obtained a free copy of his credit reports.

11. The Debt was listed on Plaintiff's Experian and Trans Union credit report with an outstanding balance.

12. In letters dated September 9, 2011, Plaintiff disputed the Debt to Experian and Trans Union.

13.   In his September 9, 2011 dispute letters, Plaintiff explained that a lawsuit regarding the Debt had been dismissed with prejudice.

14.   With his September 9, 2011 dispute letters, Plaintiff enclosed a copy of the Mutual Release.

15.   Experian received Plaintiff's September 9, 2011 dispute.

16.   Experian notified Applied of Plaintiff's September 9, 2011 dispute.

17.   In the alternative, Experian failed to notify Applied of Plaintiff's September 9, 2011 dispute.

18.   Experian did not provide Applied with the documentation Plaintiff had provided to Experian in his September 9, 2011 dispute.

19.   Plaintiff received investigation results from Experian dated October 14, 2011.

20.   Experian's October 14, 2011 investigation results stated that the Debt had been "updated."

21.   Experian's October 14, 2011 investigation results stated that the Debt had a recent balance of $1,565.

22.   The statement that the Debt had a recent balance of $1,565 was inaccurate.

23.   Trans Union received Plaintiff's September 9, 2011 dispute.

24.   Trans Union notified Applied of Plaintiff's September 9, 2011 dispute.

25. In the alternative, Trans Union failed to notify Applied of Plaintiff's September 9, 2011 dispute.

26. Trans Union did not provide Applied with the documentation Plaintiff had provided to Trans Union in his September 9, 2011 dispute.

27. Plaintiff received investigation results from Trans Union dated October 11, 2011.

28. Trans Union's October 11, 2011 investigation results stated that the Debt had been "verified."

29. Trans Union's October 11, 2011 investigation results stated that the Debt had a balance of $1,565.

30. The statement that the Debt had a balance of $1,565 was inaccurate.

31. In letters dated November 3, 2011, Plaintiff again disputed the Debt to Experian and Trans Union. Plaintiff also sent a copy of his November 3, 2011 dispute to Applied.

32. In his November 3, 2011 dispute letters, Plaintiff explained that the Debt should be reported as zero because he had entered into a mutual release with Applied that included the Debt.

33. With his November 3, 2011 dispute letters, Plaintiff enclosed a copy of the Mutual Release.

34. Applied sent Plaintiff a letter dated November 15, 2011, which stated that it had received Plaintiff's November 3, 2011 dispute, and had reviewed Plaintiff's account. Applied stated that it had "determined that the status [of the Debt currently being] reported to the Credit Reporting agencies is accurate."

35. Experian received Plaintiff's November 3, 2011 dispute.

36. Experian notified Applied of Plaintiff's November 3, 2011 dispute.

37. In the alternative, Experian failed to notify Applied of Plaintiff's November 3, 2011 dispute.

38. Experian did not provide Applied with the documentation Plaintiff had provided to Experian in his November 3, 2011.

39. Plaintiff received investigation results from Experian dated December 2, 2011.

40. Experian's December 2, 2011 investigation results stated that the Debt had a recent balance of $1,565.

41. The statement that the Debt had a recent balance of $1,565 was inaccurate.

42. Trans Union received Plaintiff's November 3, 2011 dispute.

43. Trans Union notified Applied of Plaintiff's November 3, 2011 dispute.

44. In the alternative, Trans Union failed to notify Applied of Plaintiff's November 3, 2011 dispute.

45. Trans Union did not provide Applied with the documentation Plaintiff had provided to Trans Union in his November 3, 2011 dispute.

46. Plaintiff received investigation results from Trans Union dated December 6, 2011.

47. Trans Union's December 6, 2011 investigation results stated that the Debt trade line contained "new information."

48. Trans Union's December 6, 2011 investigation results stated that the Debt had a balance of $1,565.

49. The statement that the Debt had a balance of $1,565 was inaccurate.

50. As a result of Defendants' actions and omissions, Plaintiff has suffered actual damages, including, without limitation, loss of employment opportunities, out-of-pocket expenses, detriment to his credit rating, and emotional distress.

## Causes of Action

COUNT I:
VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
15 U.S.C. §§ 1681e(b) and 1681i
EXPERIAN AND TRANS UNION

51. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

52. Experian and Trans Union willfully and/or negligently violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's consumer reports.

53. Experian and Trans Union willfully and/or negligently violated 15 U.S.C. § 1681i in multiple ways, including, without limitation, by failing to conduct a reasonable reinvestigation of Plaintiff's disputes and by failing thereafter to appropriately delete or modify information in Plaintiff's file.

54. As a result of Experian's and Trans Union's violations of §§ 1681e(b) and 1681i, Plaintiff has suffered actual damages, including, without limitation, loss of employment opportunities, out-of-pocket expenses, detriment to his credit rating, and emotional distress. Plaintiff is therefore entitled to recover actual damages pursuant to 15 U.S.C. §§ 1681n and 1681o.

55. Experian's and Trans Union's actions and omissions were willful, rendering them liable for punitive damages and/or statutory damages pursuant to 15 U.S.C. § 1681n.

56. Plaintiff is entitled to recover costs and attorney's fees from Defendants Experian and Trans Union pursuant to 15 U.S.C. §§ 1681n and 1681o.

## COUNT II:
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT,
## 15 U.S.C. § 1681s-2(b)
## APPLIED

57.     Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

58.     Applied willfully and/or negligently violated 15 U.S.C. § 1681s-2(b) by failing to conduct reasonable investigations upon receiving notice of Plaintiff's dispute(s) from one or more consumer reporting agencies, and/or by failing to appropriately report the results of their investigations, and/or by failing to appropriately modify, delete, and/or block the information.

59.     As a result of Applied's violations of § 1681s-2(b), Plaintiff has suffered actual damages not limited to loss of employment opportunities, out-of-pocket expenses, detriment to his credit rating and emotional distress. Plaintiff is therefore entitled to recover actual damages under 15 U.S.C. §§ 1681n and 1681o.

60.     Applied's actions and omissions were willful, rendering it liable for punitive damages and/or statutory damages pursuant to 15 U.S.C. § 1681n.

61.     Plaintiff is entitled to recover costs and attorney's fees from Applied pursuant to 15 U.S.C. §§ 1681n and 1681o.

## **Trial by Jury**

62.     Plaintiff is entitled to, and hereby requests, a trial by jury.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against these Defendants for:

a. Plaintiff's actual damages;

b. Punitive and/or statutory damages pursuant to 15 U.S.C. § 1681n;

c. Reasonable attorney's fees and costs pursuant to 15 U.S.C. §§ 1681n and/or 1681o; and

d. Such other and further relief as may be just and proper.

/s/ Brett Freeman
Brett Freeman
Bar Number: PA 308834
Sabatini Law Firm, LLC
216 N. Blakely St.
Dunmore, PA  18512
Attorney for Plaintiff
Phone (570) 341-9000
Fax (570) 504-2769
Email: bfecf@bankruptcypa.com