## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA (SCRANTON)

---

WILLIAM BARCHAK,                          CASE NO. 3:12-cv-00522-ARC
     Plaintiff,                          (Judge A. Richard Caputo)

   vs.                                  ELECTRONICALLY FILED

EXPERIAN INFORMATION
SOLUTIONS, INC.; TRANS
UNION, LLC; and APPLIED
BANK;
     Defendants.

---

## TRANS UNION, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES

---

Trans Union, LLC ("Trans Union"), by counsel, responds to Plaintiff's Complaint (the "Complaint") as follows. For the Court's convenience, Plaintiff's allegations are set forth verbatim with Trans Union's responses immediately following.

1.    This action for damages is based on Defendants' false reporting on Plaintiff's credit reports; and Defendants' failures to follow reasonable procedures and failures to conduct reasonable investigations with respect to such information.

**ANSWER:** Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute

allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).   Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

## Parties

2.    Plaintiff, William Barchak, is a natural person who resides at 317 Main Street, Eynon, Pennsylvania 18403, and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

**ANSWER:** Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

3.    Defendant Applied Bank ("Applied") does business in Pennsylvania, and is a "furnisher" as that term is used in 15 U.S.C. § 1681s-2.

**ANSWER:** Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

4.    Defendant Experian Information Solutions, Inc. ("Experian") is a credit bureau doing business in Pennsylvania and is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681 a(f).

**ANSWER:** Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

5.    Defendant Trans Union, LLC ("Trans Union") is a credit bureau doing business in Pennsylvania and is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

**ANSWER:** Trans Union admits that it is a "consumer reporting agency" as that term is defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*  Trans Union admits that it is a Delaware limited liability company with its principal place of business in Chicago, Illinois.  Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

### Jurisdiction and Venue

6.     Because this case arises under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.,* jurisdiction of this Court arises under 28 U.S.C. § 1331.

**ANSWER:** Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

7.     Venue is proper in this Court because a substantial part of the claim arose in Pennsylvania, and all Defendants "reside" in Pennsylvania, as that term is used in 28 U.S.C. § 1391.

**ANSWER:** Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

### Factual Allegations

8.     On October 2, 2009, Plaintiff and Applied entered into a mutual release ("the Mutual Release"), which included the release of any liability Plaintiff had for an alleged debt ("the Debt").

**ANSWER:** Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

9.     After entering into the Mutual Release, Applied provided information to Experian and Trans Union regarding the Debt.

**ANSWER:** Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

10.     In August of 2011, Plaintiff obtained a free copy of his credit reports.

**ANSWER:** Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

11.     The Debt was listed on Plaintiff's Experian and Trans Union credit report with an outstanding balance.

**ANSWER:** Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).  Trans Union states that

it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

12.    In letters dated September 9, 2011, Plaintiff disputed the Debt to Experian and Trans Union.

**ANSWER:**  Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

13.    In his September 9, 2011 dispute letters, Plaintiff explained that a lawsuit regarding the Debt had been dismissed with prejudice.

**ANSWER:**  Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

14.    With his September 9, 2011 dispute letters, Plaintiff enclosed a copy of the Mutual Release.

**ANSWER:**  Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).  Trans Union states that

it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

15.     Experian received Plaintiff's September 9, 2011 dispute.

**ANSWER:** Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

16.     Experian notified Applied of Plaintiff's September 9, 2011 dispute.

**ANSWER:** Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

17.     In the alternative, Experian failed to notify Applied of Plaintiff's September 9, 2011 dispute.

**ANSWER:** Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

18.     Experian did not provide Applied with the documentation Plaintiff had provided to Experian in his September 9, 2011 dispute.

**ANSWER:** Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

19.   Plaintiff received investigation results from Experian dated October 14, 2011.

**ANSWER:** Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

20.   Experian's October 14, 2011 investigation results stated that the Debt had been "updated."

**ANSWER:** Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

21.   Experian's October 14, 2011 investigation results stated that the Debt had a recent balance of $1,565.

**ANSWER:** Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

22.   The statement that the Debt had a recent balance of $1,565 was inaccurate.

**ANSWER:** Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

23.    Trans Union received Plaintiff's September 9, 2011 dispute.

**ANSWER:** Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

24.    Trans Union notified Applied of Plaintiff's September 9, 2011 dispute.

**ANSWER:** Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

25.    In the alternative, Trans Union failed to notify Applied of Plaintiff's September 9, 2011 dispute.

**ANSWER:** Trans Union denies the allegations contained in this paragraph.

26.    Trans Union did not provide Applied with the documentation Plaintiff had provided to Trans Union in his September 9, 2011 dispute.

**ANSWER:** Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

27.    Plaintiff received investigation results from Trans Union dated October 11, 2011.

**ANSWER:** Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

28.   Trans Union's October 11, 2011 investigation results stated that the Debt had been "verified."

**ANSWER:** Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

29.   Trans Union's October 11, 2011 investigation results stated that the Debt had a balance of $1,565.

**ANSWER:** Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

30.   The statement that the Debt had a balance of $ 1,565 was inaccurate.

**ANSWER:** Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

31.    In letters dated November 3, 2011, Plaintiff again disputed the Debt to Experian and Trans Union.  Plaintiff also sent a copy of his November 3, 2011 dispute to Applied.

**ANSWER:**  Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

32.    In his November 3, 2011 dispute letters, Plaintiff explained that the Debt should be reported as zero because he had entered into a mutual release with Applied that included the Debt.

**ANSWER:**  Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

33.    With his November 3, 2011 dispute letters, Plaintiff enclosed a copy of the Mutual Release.

**ANSWER:**  Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans

Union, which has the effect of a denial under Rule 8(b)(5).  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

34.   Applied sent Plaintiff a letter dated November 15, 2011, which stated that it had received Plaintiff's November 3, 2011 dispute, and had reviewed Plaintiff's account.   Applied stated that it had "determined that the status [of the Debt currently being] reported to the Credit Reporting agencies is accurate."

**ANSWER:** Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

35.   Experian received Plaintiff's November 3, 2011 dispute.

**ANSWER:** Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

36.   Experian notified Applied of Plaintiff's November 3, 2011 dispute.

**ANSWER:** Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

37.   In the alternative, Experian failed to notify Applied of Plaintiffs November 3, 2011 dispute.

**ANSWER:** Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

38.  Experian did not provide Applied with the documentation Plaintiff had provided to Experian in his November 3, 2011.

**ANSWER:** Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

39.  Plaintiff received investigation results from Experian dated December 2, 2011.

**ANSWER:** Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

40.  Experian's December 2, 2011 investigation results stated that the Debt had a recent balance of $1,565.

**ANSWER:** Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

41.  The statement that the Debt had a recent balance of $ 1,565 was inaccurate.

**ANSWER:** Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

42.    Trans Union received Plaintiff's November 3, 2011 dispute.

**ANSWER:** Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

43.    Trans Union notified Applied of Plaintiff's November 3, 2011 dispute.

**ANSWER:** Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

44.    In the alternative, Trans Union failed to notify Applied of Plaintiff's November 3, 2011 dispute.

**ANSWER:** Trans Union denies the allegations contained in this paragraph.

45.    Trans Union did not provide Applied with the documentation Plaintiff had provided to Trans Union in his November 3, 2011 dispute.

**ANSWER:** Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

46.    Plaintiff received investigation results from Trans Union dated December 6, 2011.

**ANSWER:** Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

47.    Trans Union's December 6, 2011 investigation results stated that the Debt trade line contained "new information."

**ANSWER:** Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

48.    Trans Union's December 6, 2011 investigation results stated that the Debt had a balance of $1,565.

**ANSWER:** Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

49.    The statement that the Debt had a balance of $1,565 was inaccurate.

**ANSWER:** Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

50.    As a result of Defendants' actions and omissions, Plaintiff has suffered actual damages, including, without limitation, loss of employment opportunities, out-of-pocket expenses, detriment to his credit rating, and emotional distress.

**ANSWER**: Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

## Causes of Action

### COUNT I:
### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. §§ 1681e(b) and 1681i
### EXPERIAN AND TRANS UNION

51.    Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

**ANSWER:** Trans Union reasserts its answers and responses set forth herein.

52.    Experian and Trans Union willfully and/or negligently violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's consumer reports.

**ANSWER:** Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

53.    Experian and Trans Union willfully and/or negligently violated 15 U.S.C. § 1681i in multiple ways, including, without limitation, by failing to conduct a reasonable reinvestigation of Plaintiff's disputes and by failing thereafter to appropriately delete or modify information in Plaintiff's file.

**ANSWER:** Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

54.    As a result of Experian's and Trans Union's violations of §§ 1681 e(b) and 1681i, Plaintiff has suffered actual damages, including, without limitation, loss of employment opportunities, out-of-pocket expenses, detriment to his credit rating,

and emotional distress.  Plaintiff is therefore entitled to recover actual damages pursuant to 15 U.S.C. §§ 1681n and 168lo.

**ANSWER:** Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

55.    Experian's and Trans Union's actions and omissions were willful, rendering them liable for punitive damages and/or statutory damages pursuant to 15 U.S.C. § 1681n.

**ANSWER:** Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

56.    Plaintiff is entitled to recover costs and attorney's fees from Defendants Experian and Trans Union pursuant to 15 U.S.C. §§ 1681n and 1681o.

**ANSWER:** Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute

allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

COUNT II:
VIOLATIONS OF THE FAIR CREDIT REPORTING ACT,
15 U.S.C. § 1681s-2(b)
APPLIED

57.   Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

**ANSWER:** Trans Union reasserts its answers and responses set forth herein.

58.   Applied willfully and/or negligently violated 3 5 U.S.C. §1681**s**-2(b) by failing to conduct reasonable investigations upon receiving notice of Plaintiff's dispute(s) from one or more consumer reporting agencies, and/or by failing to appropriately report the results of their investigations, and/or by failing to appropriately modify, delete, and/or block the information.

**ANSWER:** Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

59.   As a result of Applied's violations of § 1681 s-2(b), Plaintiff has suffered actual damages not limited to loss of employment opportunities, out-of-pocket expenses, detriment to his credit rating and emotional distress.   Plaintiff is therefore entitled to recover actual damages under 15 U.S.C. §§ 1681n and 1681o.

**ANSWER:** Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

60.    Applied's actions and omissions were willful, rendering it liable for punitive damages and/or statutory damages pursuant to 15 U.S.C. § 1681n.

**ANSWER:** Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

61.    Plaintiff is entitled to recover costs and attorney's fees from Applied pursuant to 15 U.S.C. §§ 1681n and 1681o.

**ANSWER:** Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

## Trial by Jury

62.    Plaintiff is entitled to, and hereby requests, a trial by jury.

**ANSWER:** Trans Union denies that the statements contained in this paragraph require a response from Trans Union.

## AFFIRMATIVE DEFENSES

1.     Plaintiff has failed to state a claim against Trans Union upon which relief may be granted.

2.     Plaintiff's state law and common law claims are pre-empted by the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq.

3.     Trans Union's reports concerning Plaintiff were true or substantially true.

4.     Trans Union has at all times followed reasonable procedures to assure maximum possible accuracy of its credit reports concerning Plaintiff.

5.     Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

6.     Plaintiff's claims are barred, in whole or in part, by 15 U.S.C. §§ 1681h(e) and/or 1681t.

7.     At all relevant times, Trans Union acted within the absolute and qualified privileges afforded it under the FCRA, the United States Constitution, applicable State Constitutions and the common law.

8.     Plaintiff's claims are barred, in whole, or in part, by the equitable theories of estoppel, waiver and laches.

9.     Plaintiff has failed to take reasonable steps to mitigate his damages, if any.

10.     Plaintiff's damages are the result of acts or omissions committed by Plaintiff.

11.     Plaintiff's damages are the result of acts or omissions committed by the other parties over whom Trans Union has no responsibility or control.

12.     Plaintiff's damages are the result of acts or omissions committed by non-parties to this action over whom Trans Union has no responsibility or control.

13.     Any claim for exemplary or punitive damages asserted by Plaintiff violates Trans Union's rights under the Due Process and Excessive Fines clauses of the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and the analogous provisions of applicable State Constitutions and under the First Amendment of the United States Constitution and the analogous provisions of applicable State Constitutions.

14.     Trans Union reserves the right to assert additional defenses as may become apparent through additional investigation and discovery.

WHEREFORE, Defendant Trans Union, LLC, by counsel, denies that Plaintiff is entitled to judgment or to any of the relief sought, and respectfully requests that judgment be entered in its favor and against Plaintiff on all counts set forth in the Complaint, and that Trans Union, LLC, be awarded its costs incurred in defending this action, along with such other relief as this Court deems equitable and just.

Respectfully submitted,

*s/  Christa J. Jewsbury*
Laura K. Rang, Esq. (IN #26238-49-A)
  (Admitted *Pro Hac Vice*)
Christa J. Jewsbury, Esq. (IN #27180-49)
  (Admitted *Pro Hac Vice*)
Schuckit & Associates, P.C.
4545 Northwestern Drive
Zionsville, IN  46077
Telephone:  317-363-2400
Fax:  317-363-2257
E-Mail:  lrang@schuckitlaw.com
    cjewsbury@schuckitlaw.com

*Lead Counsel for Trans Union, LLC*


John W. Purcell, Jr., Esq.
Purcell Krug & Haller
1719 N. Front Street
Harrisburg, PA  17102
Telephone:  717-234-4178
Fax:  717-234-1206
E-Mail:  lhaller@pkh.com

*Local Counsel for Trans Union, LLC*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a copy of the foregoing has been filed electronically on the **17th day of April, 2012**.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's electronic filing.

| Brett M. Freeman, Esq. bfecf@bankruptcypa.com | John H. Goolsby, Esq. jgoolsby@goolsbylawoffice.com |
|---|---|
| Mohammad A. Ghiasuddin, Esq. mghiasuddin@kaplaw.com | |

The undersigned further certifies that a true copy of the foregoing was served on the following parties via First Class, U.S. Mail, postage prepaid, on the **17th day of April, 2012**, properly addressed as follows:

| None. | |
|---|---|

*s/  Christa J. Jewsbury*
Laura K. Rang, Esq. (IN #26238-49-A)
  (Admitted *Pro Hac Vice*)
Christa J. Jewsbury, Esq. (IN #27180-49)
  (Admitted *Pro Hac Vice*)
Schuckit & Associates, P.C.
4545 Northwestern Drive
Zionsville, IN  46077
Telephone:  317-363-2400
Fax:  317-363-2257
E-Mail:  lrang@schuckitlaw.com
            cjewsbury@schuckitlaw.com

*Lead Counsel for Trans Union, LLC*